**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PGM OF TEXAS, LLC,** *Plaintiff* | § § § | |
| **v.** | § | **Case No. 23-CV-00709-RP** |
| **GREAT GLORY CORES, INC. and KEITH FAITH GOODMAN, SR.,** *Defendants* | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff PGM of Texas, LLC's Motion for Default Judgment, filed August 3, 2023 (Dkt. 10). By Text Order entered August 4, 2023, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

Plaintiff PGM of Texas, LLC ("PGM") brings claims for breach of contract and fraud against Defendants Great Glory Cores, Inc. ("GGC") and Keith Faith Goodman, Sr.[1] PGM alleges that it "entered into several Funds Advance Requests and Personal Guarantees with Defendants pursuant to which Defendant Goodman personally agreed to repay PGM for funds advanced to Defendant GGC for the purchase of parts and certain materials." Dkt. 1 ¶ 7. PGM also alleges that it made several advances to GGC totaling $578,830.30 from January through June 2022, but "GGC failed

[1] PGM is a Texas company with a principal place of business in Texas. Dkt. 1 ¶ 1. Goodman is a California resident. *Id.* ¶ 2. GGC is a California corporation with a principal place of business in California. *Id.* ¶ 3.

to deliver the parts and materials by the applicable specified dates and Goodman failed to repay the amounts advanced for the purchase of such parts and materials." *Id.* ¶ 8.

PGM sent Defendants a demand letter for $578,830.30 on May 27, 2023, and filed this suit after they failed to respond. *Id.* ¶ 9. PGM served its Complaint on Defendants on June 29, 2023. Dkt. 7. Defendants made no appearance and have failed to plead, respond, or otherwise defend. PGM moved the Clerk under Rule 55(a) to enter a default against Defendants, which the Clerk entered on July 31, 2023. Dkt. 9. PGM now moves for default judgment against Defendants under Rule 55(b)(2), seeking $686,891.76 in damages, $4,675.50 in attorneys' fees, and $652.50 in costs. Dkt. 10.

## II. Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *U.S. ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu*, 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant

"is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

## III. Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A. Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because PGM is a citizen of Texas, PGM asserts a claim against citizens of California, and the amount in controversy exceeds $75,000, this case invokes the Court's original diversity jurisdiction. 28 U.S.C. § 1332(a).

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).

To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In making a determination of "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution to controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987)). Specific jurisdiction exists when (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019).

The Court finds that PGM has alleged facts sufficient to establish specific personal jurisdiction over Defendants. PGM alleges that it contracted with Defendants to ship goods to Texas, and that its injuries arose out of that contract with Defendants. Dkt. 1-1 at 2; Dkt. 1 ¶¶ 7-8. Defendants properly consented to the jurisdiction of a Texas court in their contracts with PGM. *See* Dkt. 1-1 (showing the funds advance agreements including Defendants' agreement to "submit to the jurisdiction of any state or federal court in Texas"). Forum-selection clauses "should control except in unusual cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 51 (2013).

Accepting these well-pleaded facts as true, the Court finds that this case arises out of Defendants' contacts with Texas and that they purposefully directed their activities to and availed

themselves of this forum. The Court also finds that exercise of jurisdiction over Defendants would not be inconsistent with the United States Constitution and laws or "offend traditional notions of fair play and substantial justice." *Felch*, 92 F.3d at 323. The Court therefore has specific personal jurisdiction over Defendants.

**B. Liability**

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently states facts showing that PGM is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

**1. Default Judgment is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, district courts consider these six factors:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, their "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [PGM's] interests." *J&J Sports Prods., Inc. v. Morelia Mexican*

*Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established: Defendants were "properly served and [have] failed to appear and participate at all, much less timely file a responsive pleading," and the clerk has entered default against them. *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Defendants have failed to appear. Fifth, though PGM seeks monetary damages, it seeks only the return of advanced funds, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2. There is a Sufficient Basis for Judgment in the Pleadings as to Breach of Contract**

The Court next determines whether there is a sufficient basis in the pleadings for the judgment requested. PGM asserts claims for breach of contract and fraud.

**a. Breach of Contract**

Under Texas law, "the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails to perform a duty required by the contract." *Id.* (citation omitted).

PGM alleges that:

(1) PGM entered into a valid contract with Defendants for the delivery of "parts and materials," Dkt. 1 ¶ 7;

(2) PGM performed by advancing funds under the contracts in the amount of $578,830.30, *id.* ¶ 8;

(3) Defendants failed to deliver the parts and materials or return the funds advanced, *id.* ¶¶ 8-9; and

(4) PGM has suffered damages in the amount of $578,830.30, which Defendants refused to repay. *Id.* ¶ 9-10, 13.

By failing to answer, Defendants have admitted these facts, and the facts as pleaded by PGM establish that it had a valid contract that was breached by Defendants, causing damages. *Nishimatsu*, 515 F.2d at 1206. PGM has shown a sufficient basis for its claim for breach of contract.

**b. Fraud**

Under Texas law, a fraud claim includes the following elements:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (quoting *Coffel v. Stryker Corp.*, 289 F.3d 625, 631 (5th Cir. 2002)). To show fraud based on a promise of future performance, a plaintiff must also show that the person making the promise had no intention of performing at the time he made the promise. *Id.* A party's failure to perform a contract is not evidence of fraud. *Id.* at 858-59.

While PGM recites the elements of fraud, it does not allege any factual basis for the claim. Dkt. 1 ¶¶ 7-10, 14. As discussed above, PGM alleges that it agreed to advance funds to Defendants for the delivery of goods, but does not allege that Goodman promised to deliver goods with "no intention of performing." *Fluorine*, 380 F.3d at 858. PGM's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without additional factual allegations that Defendants had no intention

of delivering the goods or returning the advances when they agreed to do so, PGM has not shown a sufficient basis for its fraud claim.

**C. Relief**

Having found that default judgment is procedurally warranted and that there is a sufficient basis in the pleadings for PGM's breach of contract claim, the Court must determine appropriate relief.

**1. Damages**

"It is the movant's burden to bring forth competent evidence in support of damages." *G&G Closed Circuit Events, LLC v. 2120 Pachanga, LLC*, No. 1:21-CV-00809-RP, 2022 WL 17752122, at *3 (W.D. Tex. Dec. 19, 2022), *R. & R. adopted*, 2023 WL 3035421 (W.D. Tex. Jan. 3, 2023). An award of damages for a breach of contract claim should "provide just compensation for any loss or damage actually sustained as a result of the breach." *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 217 (5th Cir. 2023) (citation omitted). To meet this burden, a plaintiff may submit "affidavit[s] and supporting documents" to show that its damages are "capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998).

In its Complaint and Demand Letter, PGM alleged that it advanced $578,830.30 to Defendants and sought monetary damages of the same amount. Dkt. 1 ¶¶ 8, 10. But in its Motion for Default Judgment, PGM asks the Court to award it $686,891.76 in damages. Dkt. 10 ¶ 11. In support, PGM attaches an "Affidavit of Amounts Due" from Lee Colon, PGM's Assistant Operations Director, alleging that PGM advanced $686,891.76 to Defendants and Defendants failed to repay that amount. Dkt. 10-3 at 2. Colon states that he has attached "supporting accounting records." *Id.* The records consist of an unsigned spreadsheet listing eleven different amounts allegedly advanced to

GGC totaling $686,891.76. *Id.* at 5. PGM provides no other evidence to support this amount and does not explain the discrepancy between the $578,830.30 figure in its Complaint and the higher amount requested in its Motion for Default Judgment. PGM has not sustained its burden to show that it is entitled to $686,891.76 in actual damages. *See G&G*, 2022 WL 17752122, at *3.

**2. Attorneys' Fees and Costs**

PGM also asks for an award attorneys' fees and costs. Dkt. 10 ¶ 11. Because the Court recommends denying PGM's Motion for Default, it need not consider this request, but observes that PGM did not provide an accounting of its costs.

## IV. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff PGM of Texas, LLC's Motion for Default Judgment against Defendants Great Glory Cores, Inc. and Keith Faith Goodman, Sr. (Dkt. 10).

The Court **ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings

and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 23, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE