# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **PGM OF TEXAS, LLC,** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**GREAT GLORY CORES, INC. and** §<br>**KEITH FAITH GOODMAN, SR.,** §<br>*Defendants* § | **Case No. 1:23-CV-00709-RP** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff PGM of Texas, LLC's Amended Motion for Default Judgment, filed January 16, 2024 (Dkt. 20). By Text Order entered January 31, 2024, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff PGM of Texas, LLC ("PGM") brings a claim for breach of contract against Defendants Great Glory Cores, Inc. ("GGC") and Keith Faith Goodman, Sr. PGM alleges that it "entered into several Funds Advance Requests and Personal Guarantees with Defendants pursuant to which Goodman personally agreed to repay PGM for funds advanced to GGC for the purchase of parts and certain materials." First Amended Complaint, Dkt. 12 ¶ 7. PGM also alleges that it made several advances to GGC totaling $686,891.76 from January through June 2022, but "GGC failed to deliver the parts and materials by the applicable specified dates and Goodman failed to repay the amounts advanced for the purchase of such parts and materials." *Id.* ¶¶ 7-8.

PGM sent Defendants a demand letter on May 17, 2023, and filed this suit after they failed to respond, alleging breach of contract and fraud. *Id.* ¶ 9; Complaint, Dkt. 1. PGM served its Complaint on Defendants on June 29, 2023. Dkt. 7. Defendants made no appearance, and the Clerk entered default against them on July 31, 2023. Dkt. 9. PGM moved for a default judgment, and on October 23, 2023, this Magistrate Judge recommended that the motion be denied without prejudice based on PGM's failure to carry its burden to show damages. Dkts. 10, 11. On October 24, 2023, PGM filed its First Amended Complaint, alleging only breach of contract. Dkt. 12. PGM served Defendants on December 18, 2023. Dkt. 17. Defendants have made no appearance and have failed to plead, defend, or otherwise respond to the First Amended Complaint. On January 11, 2024, the Clerk again entered default against Defendants. Dkt. 19.

PGM again moves for default judgment against Defendants under Rule 55(b)(2), seeking $686,891.76 in damages, $10,758 in attorneys' fees, and $652.50 in costs. Dkt. 20.

## II.   Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-

pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206. Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.   Analysis

When a party seeks entry of a default judgment under Rule 55, the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). PGM asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the case "is between citizens of different states." Dkt. 12 ¶ 4.

Federal courts have limited jurisdiction, so "parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *SXSW, L.L.C. v. Fed. Ins.,* 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). The citizenship of a natural person is determined by domicile, requiring "residency plus an intent to make the place of residency one's permanent home." *Id.* A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). A limited liability company shares citizenship with each of its members, and a party seeking to establish jurisdiction must specifically allege the citizenship of every member of a limited liability company that is a party to the case. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). If any members are "themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be

traced through however many layers of members or partners there may be." *Randall Powers Co. v. Reyes Auto. Grp. II, LLC*, No. SA-23-CV-01537-XR, 2024 WL 1520972, at *2 (W.D. Tex. Apr. 8, 2024).

PGM alleges that GGC is "a California corporation with its principal office and principal place of business" in California. Dkt. 12 ¶ 3. PGM alleges that Goodman is "a resident and domicile of California." *Id.* ¶ 2. PGM has alleged that Defendants are citizens of California, and complete diversity exists if PGM is not a citizen of California.

But as to its own citizenship, PGM alleges only that it is "a Texas Limited Liability Company with its principal office and principal place of business" in Texas. *Id.* ¶ 1. PGM does not specifically allege the citizenship of each of its members, so the Court cannot determine whether complete diversity exists. Because "there is a presumption against the existence of diversity jurisdiction," this Magistrate Judge recommends that PGM's motion for default judgment be denied. *Essex Ins. Co. v. Valdez*, No. SA-07-CV-072-XR, 2007 WL 1438667, at *2 (W.D. Tex. May 1, 2007).

A party may amend defective allegations of jurisdiction under 28 U.S.C. § 1653. To establish jurisdiction, PGM must file an amended complaint describing the citizenship of each of its members. PGM would not have to serve Defendants with its amended complaint unless that pleading asserts a new claim. *See* Rule 5(a)(2); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593-94 (5th Cir. 2014); *Williams v. Eadgear Holdings USA, Inc.*, No. SA-13-CA-125-OLG, 2013 WL 12114865, at *1 (W.D. Tex. Aug. 2, 2013). But PGM would have to file a new motion for the Clerk's entry of default, and then a motion for default judgment. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam); *Merchs. Bonding Co. (Mut.) v. Veteran Owned Servs. Grp., LLC*, No. 3:23-CV-324-E, 2023 WL 7544597, at *1-2 (N.D. Tex. Oct. 26,

4

2023), *R. & R. adopted*, 2023 WL 7549188 (N.D. Tex. Nov. 14, 2023); *Longwell v. Wynd Travel Choice Glob., Inc.*, No. 1:19-CV-00557-RP, 2022 WL 214470 (W.D. Tex. Jan. 25, 2022), *R. & R. adopted*, 2022 WL 1117863 (W.D. Tex. Feb. 23, 2022).

### IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff PGM of Texas, LLC's Amended Motion for Default Judgment (Dkt. 20) and **GRANT** PGM leave to file an amended complaint addressing the citizenship of its members.

The Court **ORDERS** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

### V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 13, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE