IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PGM OF TEXAS, LLC,** *Plaintiff* | § § § § | |
| v. | § § | Case No. 1:23-CV-00709-RP |
| **GREAT GLORY CORES, INC. and KEITH FAITH GOODMAN, SR.,** *Defendants* | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

Now before the Court is Plaintiff PGM of Texas, LLC's Second Amended Motion for Default Judgment, filed June 12, 2024 (Dkt. 25). By Text Order entered June 13, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff PGM of Texas, LLC brings a claim for breach of contract against Defendants Great Glory Cores, Inc. ("GGC") and Keith Faith Goodman, Sr. PGM alleges that it "entered into several Funds Advance Requests and Personal Guarantees with Defendants pursuant to which Defendant Goodman personally agreed to repay PGM for funds advanced to Defendant GGC for the purchase of parts and certain materials." Second Amended Complaint, Dkt. 22 ¶ 7. PGM also alleges that it advanced funds totaling $686,891.76 from January through June 2022, but "GGC failed to deliver the parts and materials by the applicable specified dates and Goodman failed to repay the amounts advanced for the purchase of such parts and materials." *Id.* ¶¶ 7-8.

PGM sent Defendants a demand letter on May 17, 2023, and filed this suit on June 21, 2023, alleging both breach of contract and fraud. *Id.* ¶ 9; Complaint, Dkt. 1. PGM filed its First Amended Complaint, alleging only breach of contract, on October 24, 2023, and served it on Defendants on December 18, 2023. Dkt. 12; Dkt. 17. The Clerk entered default against Defendants on January 11, 2024, after they failed to plead, respond, or otherwise defend. Dkt. 19. PGM filed its Second Amended Complaint on May 15, 2024, which it was not required to serve on Defendants under Rule 5(a)(2), and the Clerk again entered default against Defendants on June 10, 2024, after they failed to respond. Dkt. 24.

PGM now moves for default judgment against Defendants under Rule 55(b)(2), seeking $686,891.76 in damages, $13,481 in attorneys' fees, and $1,061.50 in costs. Dkt. 25.

## II. Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. But even when the defendant technically is in default, a party is not entitled to a default judgment as a matter of right. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *Escalante*, 34 F.4th at 492. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu,* 515 F.2d at 1206). Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on the pleadings and evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *RLI Ins. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020). The Court finds that a hearing is unnecessary.

### III.   Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

**A. Jurisdiction**

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). PGM allege that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the case is between citizens of different states. Dkt. 22 ¶ 4.

The citizenship of a natural person is determined by the person's domicile. *SXSW, L.L.C. v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). A limited liability company shares citizenship with each of its members. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

PGM alleges that it is a Texas limited liability company with a single member: Elemental USA, Inc., a Delaware corporation with its principal place of business in Delaware. Dkt. 22 ¶ 1. PGM

3

alleges that GGC is "a California corporation with its principal office and principal place of business" in California and that Goodman is "a resident and domicile of California." *Id.* ¶¶ 2-3. Because PGM alleges that it is a citizen of Delaware, that Defendants are citizens of California, and that it seeks $686,891.76 in damages, the Court has diversity jurisdiction. *Id.* ¶ 12.

The Court previously found that PGM had alleged facts in its Complaint sufficient to establish specific personal jurisdiction over Defendants. Dkt. 11 at 4-5. PGM asserts substantially the same claim in its Second Amended Complaint, so the Court has personal jurisdiction over Defendants.

**B. Liability**

The Court next considers whether a default judgment is procedurally warranted and the Second Amended Complaint sufficiently states facts showing that PGM is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

**1. Default Judgment is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, district courts consider these six factors:

> (1) whether material issues of fact are at issue;
> (2) whether there has been substantial prejudice;
> (3) whether the grounds for default are clearly established;
> (4) whether the default was caused by a good faith mistake or excusable neglect;
> (5) the harshness of a default judgment; and
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings and so admit the well-pleaded allegations of fact. *Nishimatsu*, 515 F.2d at 1206. Second, Defendants'

4

"failure to respond threatens to bring the entire process to a halt, effectively prejudicing [PGM's] interest." *RLI Ins.*, 581 F. Supp. 3d at 824. Third, the grounds for default are clearly established. The Clerk has entered default against Defendants, who were properly served and have not responded to the summons, entry of default, or motion for default judgment. *Id.* Fourth, the Court cannot find a good-faith mistake or excusable neglect because Defendants have not appeared. Fifth, though PGM seeks monetary damages, it seeks only the return of advanced funds, limiting the harshness of a default judgment. Sixth, the Court is unaware of any facts that would obligate it to set aside the default. *Lindsey*, 161 F.3d at 893. For these reasons, the Court finds that default judgment is procedurally warranted.

### 2. There is a Sufficient Basis for Judgment in the Pleadings

PGM asserts a claim for breach of contract. Under Texas law, the essential elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Burbridge v. CitiMortgage, Inc.*, 37 F.4th 1049, 1051 (5th Cir. 2022). A breach occurs when a party fails to perform a duty required by the contract. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

PGM alleges that:

(1) It entered into a contract with Defendants for the delivery of "parts and materials," Dkt. 22 ¶ 7;

(2) Goodman agreed to be "personally responsible for delivery of the parts and materials" and "personally liable and responsible for the payment of all funds advanced" if Defendants failed to deliver, *id.*;

(3) It performed by advancing funds to GGC in the amount of $686,891.76, *id.* ¶ 8;

(4) Defendants failed to deliver the parts and materials or return the funds advanced, *id.* ¶¶ 8-9; and

(5) It has suffered damages in the amount of $686,891.76, which Defendants have refused to repay. *Id.* ¶ 9-10, 13.

By failing to answer, Defendants have admitted these facts, and the facts as pleaded by PGM establish that it had a valid contract that was breached by Defendants after PGM performed, causing damages. *Nishimatsu*, 515 F.2d at 1206. The Court finds that PGM has shown a sufficient basis for its claim for breach of contract.

## C. Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of PGM, the Court must determine appropriate relief. As stated, PGM requests $686,891.76 in damages,[1] pre- and post-judgment interest, $13,481 in attorneys' fees, and $1,061.50 in costs. Dkt. 25 ¶¶ 10-11.

### 1. Damages

Under Texas law, a buyer of goods may obtain damages for breach of contract when the seller fails to deliver the goods. *Luig v. N. Bay Enters.*, 817 F.3d 901, 906 (5th Cir. 2016). An award of damages for a breach of contract claim should "provide just compensation for any loss or damage actually sustained as a result of the breach." *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 217 (5th Cir. 2023) (citation omitted).

PGM asks for the $686,891.76 it advanced to GGC. Dkt. 25 ¶ 10. In support, it attaches an "Affidavit of Amounts Due" from assistant operations director Lee Colon stating that PGM advanced $686,891.76 to Defendants and Defendants failed to repay that amount. Dkt. 25-4 at 2. Colon attached "supporting accounting records," which are a spreadsheet listing eleven advances and one payment totaling a net advance of $686,891.76. *Id.* at 2, 4. The Court finds that PGM has provided sufficient evidence to show it is entitled to $686,891.76 in damages.

---

[1] PGM changes this request to $692,219.76 in the conclusion to its motion. Dkt. 25 ¶ 11. This appears to be a typographical error. Both the body of the motion and PGM's supporting affidavit describe damages of $686,891.76. *Id.* ¶ 10; Dkt. 25-4 at 2.

6

**2. Interest**

PGM also asks the Court to award pre-judgment and post-judgment interest. Dkt. 25 ¶ 11. In diversity cases, state law governs pre-judgment interest, and federal law governs post-judgment interest. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172-73 (5th Cir. 2010).

Pre-judgment interest for breach of contract claims is governed by common law, which allows pre-judgment interest on damages to accrue at the same rate as post-judgment interest in Texas. *Winston v. State Farm Lloyds*, No. SA-20-CV-00515-JKP, 2022 WL 3327770, at *3 (W.D. Tex. Aug. 11, 2022). When, as here, the parties' contract does not provide for or specify an interest rate, pre-judgment interest is calculated at the rate set by Texas Finance Code § 304.003. *Fed. Deposit Ins. Corp. v. Deutsche Bank Sec., Inc.*, No. 1-14-CV-129-XR, 2019 WL 13191366, at *3 (W.D. Tex. Sept. 30, 2019). Section 304.003(c) sets the rate at "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation," unless that rate is less than 5% or more than 15%.

Pre-judgment interest is computed as simple interest and begins to accrue 180 days after the defendant receives notice of a claim or on the day the suit is filed, whichever is earlier. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 414-15 (5th Cir. 2011). PGM alleges that it sent a demand letter with notice of its claim to Defendants on May 17, 2023, before it filed suit. Dkt. 22 ¶ 9. The Court finds that PGM is entitled to pre-judgment interest on its breach of contract damages calculated at the prime rate published by the Federal Reserve from June 21, 2023, the day it filed suit, until the day the District Court enters judgment.

PGM is entitled to post-judgment interest under 28 U.S.C. § 1961(a).

### 3. Attorneys' Fees and Costs

A plaintiff who "prevails in his or her breach of contract claim and recovers damages" is entitled to attorneys' fees. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 (5th Cir. 2000). PGM has shown that it is entitled to damages from GGC and Goodman's breach of contract, so it is entitled to attorneys' fees.

Texas law controls both the award of fees and their reasonableness. *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018). Under Texas law, the factfinder considers the eight factors set out in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997),[2] when determining the reasonableness of a fee award. *Bear Branch*, 885 F.3d at 803. The lodestar method "presumptively produces a reasonable fee." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012). The party seeking fees has the burden to show the reasonableness of the hours billed. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020).

As stated, PGM asks the Court to award $13,481 in attorneys' fees for its counsel, Catherine Bentley Harris and Rola Daaboul, and submits an affidavit signed by Harris describing their experience and hours worked. Dkt. 25-2. PGM requests a rate of $535 per hour for Harris and $525 per hour for Daaboul, who submit records for 25.4 hours of work. *Id.* at 3; Dkt. 25-3. Harris is a litigation partner with 16 years of experience, and Daaboul has 14 years of experience. Dkt. 25-2 at 2-3. The Court finds that $535 and $525 per hour are within the range of reasonable rates for

---

[2] The *Arthur Andersen* factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the expertise, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. 945 S.W.2d at 818.

attorneys of similar skill and experience. *See MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1:15-CV-00060-SH, 2021 WL 4267719, at *2-3 (W.D. Tex. Sept. 20, 2021) (finding $530 hourly rate reasonable for seventh-year associate in breach of contract case). The Court also finds that the time expended is reasonable. After calculating the lodestar and considering the *Arthur Andersen* factors, the Court finds that the requested award of $13,481 is reasonable.

PGM also asks for $1,061.50 in costs, comprising the $402 filing fee and $659.50 in fees for private service of process. Dkt. 25-3 at 5. PGM is entitled to recover the filing fee under 28 U.S.C. § 1920(1), but costs for private process servers are not recoverable without a showing of exceptional circumstances. *Callier v. Tip Top Cap. Inc.*, No. EP-23-CV-437-KC, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024). PGM has not shown exceptional circumstances, so it is entitled to $402 in costs.

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff PGM of Texas, LLC's Motion for Default Judgment against Defendants Great Glory Cores, Inc. and Keith Faith Goodman, Sr. (Dkt. 25) and **ENTER DEFAULT JUDGMENT** against each Defendant under Rule 55(b).

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court award PGM $686,891.76 in damages, $13,481 in attorneys' fees, $402 in costs, and pre-judgment and post-judgment interest as set forth above.

The Court **ORDERS** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 30, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE